LORENZO D. SMITH, Appellant, *vs.* DIEDRICK UPMAN, Respondent.

This was an Appeal from a judgment in the District Court of Winona County.

Upman, the Plaintiff below, set forth in the complaint that he was, on and before the 18th August, 1854, the Register of the Land Office of the United States, for the district of lands subject to sale at Winona; that said office was opened on the 5th day of December, 1854, and that the Plaintiff performed his duties as such Register until about the 5th February, 1857, when he was removed therefrom by the President; and that he performed the duties of said office faithfully in all respects, and did not charge or receive any illegal fees for services therein.

That the Defendant, prior to said 5th day of December, 1854, was duly appointed Receiver of public moneys of the United States in and for said Land Office, for the district aforesaid, and had performed the same from that time until the 5th February, 1857, and still continued to perform the same.

That, by virtue of an act of the Congress of the United States entitled "An Act in addition to certain other Acts, granting Bounty Land to certain Officers and Soldiers who have been engaged in the Military Service of the United States," approved March 3d, 1855, a large number of warrants from the Department of the Interior were issued to divers persons for land, according to the terms of said Act, and located upon lands of the United States, within said district, during the time the Plaintiff served as Register aforesaid.

That, by the sixth section of said Act, Registers and Receivers of the several land offices were authorized to charge and receive for their services in locating all warrants under the provisions of said Act the same compensation to which they are entitled by law for sales of the public lands at the rate of $1,25 per acre—the said compensation to be paid by the assignees or holders of such warrants.

That, by virtue of the regulations of the Department of the Interior, it is made the duty of the Receivers of the public moneys of the United States to receive from the assignees or holders of such warrants the compensation of the Register and Receiver for locating the same.

That the Defendant had received from the assignees and holders of warrants issued under said act, as compensation of the services of the Plaintiff and Defendant for locating the same, the sum of $13,322 50, the lawful fees charged therefor—one-half of which, to wit: the sum of $6,611 25, belonged to the Plaintiff as his compensation for his services as Register aforesaid; that said sum had been received by the Defendant, and that he refused to account therefor to the Plaintiff.

The Answer admits the appointment of the Plaintiff and Defendant as Register and Receiver of said Land office.

But as to the allegation "that the Plaintiff performed his " duties faithfully as Register and in all respects, and did not " charge or receive any illegal fees for services therein," the Defendant denies any knowledge or information thereof sufficient to form belief.

" And the answer further admits the issuing of certificates " or warrants under the Act of March 3d, 1855, and of the lo- " cation of the same at the time, in the manner, and to the ex- " tent stated in the said complaint:

" And the answer further shows that the Defendant admits " that, as alleged in the complaint, it is made the duty of the " Receivers of the public moneys of the United States for the " respective land districts, to collect and receive from the as- " signees or holders of such warrants the compensation of the " Register and Receiver for locating such warrants authorized " by the said Act—one-half of which compensation belongs by " law to such receiver, and one-half thereof to such Register; " but as to whether one-half of the compensation or percent- " age mentioned in the sixth section of the said Act cited in " said complaint belongs absolutely to the Register, Defendant " has no knowledge or information sufficient to form belief.

" And the answer further shows that during the time stated " in the complaint, the Defendant received in his official capa-

" city, by way of the compensation or per centage specified in
" the said sixth section of said act, the sum of $13,322 50, the
" amount stated in the complaint; but whether of the amount
" so received the Plaintiff was by law entitled to one-half, to
" wit, the sum of $6,661 25, absolutely as his compensation
" for his services in aiding as Register aforesaid in the location
" of said warrants, the Defendant has no knowledge or informa-
" tion sufficient to form a belief; nor as to whether the said
" sum of $6,611 25, or any part thereof, except such as has
" been paid the Plaintiff by the Defendant, as hereinafter
" stated, to wit: the sum of over $1,800 and about $2,000, but
" the precise amount Defendant cannot now state,—was re-
" ceived by the Defendant for the Plaintiff; nor whether the
" same, or any part, except as aforesaid, was or is the property
" of the Plaintiff as alleged and stated in the said complaint
" or otherwise."

The part and portion of the answer above quoted was ob-
jected to by the Plaintiff's Counsel,—

Because, the same is not a denial of any allegation in the
complaint, but is an admission, under cover of a denial, of the
cause of action stated in the complaint:

And because the same is irrelevant, redundant and frivolous:
—And was stricken out, on motion.

The answer then denies the indebtedness as stated in the
complaint: and, for a *second* defence, states that the Plaintiff
has paid the Defendant over $1,800 and about $2,000, out of
the $13,322 50 received by the Plaintiff in his official capacity,
as compensation for locating said warrants.

For a *third* defence, the answer states, that during each offi-
cial year in which the Plaintiff performed the duties of Regis-
ter aforesaid, he had received a salary for his services, pro-
vided by the second section of the Act of Congress approved
April 20, 1818, entitled "An Act for changing the compensa-
tion of Registers and Receivers of land offices," to wit: $500
annual salary, and $2,500 additional by way of commission
or percentage—in all $3,000—except that for the last official
year the sum of $48 65 of the $500 salary has not been re-
ceived by the said Register.

That said commission or percentage consisted of the commission provided by said Act of April 20, 1818, on cash entries of land, and the like commission allowed by virtue thereof on entries by land warrants issued under various acts of Congress, previous to the said Act of March 3, 1855, and the said sum of over $1,800 and about $2,000 paid to the Plaintiff by the Defendant as aforesaid out of the said sum of $13,322 50.

And further, that the said sum of $6,611 25, after deducting over $1,800 and about $2,000 paid the Plaintiff thereupon by the Defendant as aforesaid, is the excess of surplus of the commissions or percentage received by the Defendant over and above said sum of $2,500, for each and every official year, received by the said Register as compensation for his services as aforesaid.

That it was made the duty of the Receivers to safely keep in their possession, until instructed in regard to the same, such excess or surplus of commissions or percentage received by them over and above an amount sufficient to make the Register's maximum of receipts by way of such commissions or percentage for each official year the sum of $2,500 as aforesaid; and that the Defendant retains in his possession the aforesaid excess or surplus, and is ready and willing, at all times, to do as he shall be instructed in regard to the same by the proper authority.

The Plaintiff demurred to this *third defence*,—

Because, the second section of the Act of Congress approved April 20, 1818, therein referred to, had relation to a different time, to a commission on a different fund, and to a different service, from the time, warrants and service specified in the Plaintiff's complaint, and to which the Act of Congress approved March 3, 1855, had reference.

And because, the compensation allowed to the Registers and Receivers of the land offices of the United States by the sixth section of the Act of Congress approved March 3, 1855, entitled "An Act in addition to certain other Acts granting Bounty Land to certain Officers and Soldiers who have been engaged in the Military Service of the United States," was additional and specific, and thereby expressly allotted to the service

therein mentioned to be paid by the assignees or holders of warrants issued in pursuance of that Act; and the Act of April 20, 1818, does not and could not refer to or in any way affect the provisions of the Act of March 3d, 1855.

The Demurrer was sustained, and judgment afterwards entered against the Defendant for want of an answer.

BERRY & WATERMAN, Counsel for Appellants.

HOLLINSHEAD & SLADE, Counsel for Respondents.

There are no points and authorities on file on behalf of either party. The Supreme Court affirmed the judgment appealed from, but there is no Opinion on file.